## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

BRITTNEY THOMAS,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES LLC,

        Defendant.

Case No. 4:25-cv-01279-BSM

### EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

This Court partially granted Equifax's Motion to Dismiss. ECF No. 13. Thus, all claims regarding Plaintiff's disputes which pre-date her November 2025 dispute are dismissed with prejudice.

### COMPLAINT ¶1:

This is an action for damages brought by an individual consumer, Brittney Thomas (Plaintiff pro se), against EQUIFAX INFORMATION SERVICES LLC. Defendant for violations of the Fair Credit Reporting Act (hereinafter the "FORA"), 15 U.S.C. § 1681 et seq.,

### ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that

325670489v.1

Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Jurisdiction of this court arises under 15 U.S.C. § 1681P, 28 U.S.C. § 1331, 1337.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶4:**

Plaintiff Brittney Thomas is an adult individual who resides in the State of Arkansas.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant EQUIFAX INFORMATION SERVICES LLC. (hereinafter "Equifax"), is a business entity, and consumer reporting agency as defined by Section 1681a(f) of the FCRA,

which regularly conducts business in the Eastern District of Arkansas, and which has a:principal place of business located at 1550. PEACHTREE Street, N.W., ATLANTA, GA, 30309 USA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax also admits that it is a Georgia limited liability company. Equifax further admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served through its registered agent, Corporation Service Company. Equifax denies the remaining allegations in this paragraph.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶6:**

On or about May 4, 2022, the Plaintiff applied for Business Credit with her banking institution, Bank of America. The results of this application arrived by US Mail with the denial of that business line of credit. (EXHIBIT A) The letter stated that their decision was based on the following reason(s): Current or past delinquency, derogatory public record(s). Which then led the plaintiff to requesting her full consumer credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

The plaintiff requested a copy of her credit report from Equifax on May 9, 2022 (EXHIBIT B), and found that there was a bankruptcy record listed on her report. Equifax named LexisNexis as their public records vendor,

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325670489v.1

**COMPLAINT ¶8:**

Plaintiff requested her LexisNexis consumer report on May 13, 2022 (EXHIBIT C). In the report the plaintiff saw the bankruptcy record listed under Section 8 of the LexisNexis Consumer Report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Through further investigation the Plaintiff learned that LexisNexis admits to providing Equifax with bankruptcy information (EXHIBIT D), stating that "all questions about the information provided to Equifax by LexisNexis can be sent to LexisNexis". LexisNexis also admits that "they do not match bankruptcy information to consumer credit files for Equifax. Equifax performs this matching". LexisNexis also stated that "if consumers have any questions regarding the bankruptcy information being reported, contact them".

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

On June 6, 2022, The Plaintiff disputed with LexisNexis the Validity and Accuracy of the bankruptcy record that had been furnished to Equifax and subsequently listed on the plaintiff s Equifax consumer credit file (EXHIBIT E).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

On July 13, 2022, the plaintiff received the results of her dispute with. LexisNexis Consumer Center (EXHIBIT F) which stated that "We have reviewed the information from our Bankruptcy Records and determined the data being reported as unverifiable. The data in question has been removed, and our files have been updated after research conducted with the following source: PACER Service Center PO Box 780549 San Antonio TX 78278".

325670489v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Between July 13, 2022, and August 13, 2022, the plaintiff sent. a dispute letter to Equifax disputing the accuracy of the bankruptcy record contained in her credit file (EXHIBIT G). In this dispute, the plaintiff also requested that Equifax provide to her with the Method of Verification used to investigate this dispute.

**ANSWER:**

The Court has dismissed all claims regarding this dispute with prejudice, and thus no response is required.  To the extent a response is required, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶13:**

On August 13, 2022, the plaintiff received the Results of the Reinvestigation by US Mail from Equifax (EXHIBIT H) which stated that "We have verified that this public record item is reporting correctly". The Reinvestigation Results did not resolve the dispute, nor did the Defendant provide the plaintiff with their Method of Verification that supported their findings. In the case of CFPB v. Equifax Inc. and Equifax Information Services LLC a CONSENT ORDER 2025-CFPB-0002 dated January 17, 2025, the CFPB found that Equifax's flawed system has failed to delete consumers' bankruptcy filing information from their consumer files by failing to submit notifications and accurate information to furnishers regarding bankruptcy disputes.

**ANSWER:**

The Court has dismissed all claims regarding this dispute with prejudice, and thus no response is required.  To the extent a response is required, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶14:**

On August 23, 2022, The Plaintiff sent the second Dispute letter to the Defendant requesting more details regarding the method of verification and completeness and accuracy of the bankruptcy record in her consumer credit file (EXHIBIT I).

325670489v.1

**ANSWER:**

The Court has dismissed all claims regarding this dispute with prejudice, and thus no response is required.  To the extent a response is required, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶15:**

On September 3, 2022, the plaintiff received the results of the second reinvestigation for this bankruptcy record via US Mail. The Defendants' results of this reinvestigation state that "the following fields have been modified". The defendant did not provide the plaintiff with their method of verification as she requested in both previous dispute letters. Plaintiff also noticed that there were no visible modifications made to the disputed record. In the case of CFPB v. Equifax Inc. and Equifax Information Services LLC a CONSENT ORDER 2025-CFPB-0002 the CFPB found that Equifax fails to reasonably explain to consumers how to identify information that has changed following a Dispute. Equifax does not include a before and after version of the disputed item of information, meaning consumers will likely fail to identify or understand specific changes made to information in a credit account or debt tradeline. (EXHIBIT J)

**ANSWER:**

The Court has dismissed all claims regarding this dispute with prejudice, and thus no response is required.  To the extent a response is required, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶16:**

Prior to September 26, 2022, the plaintiff sent another dispute letter to LexisNexis regarding the continued furnishing of this bankruptcy record to Equifax. The plaintiff received a Reseller Dispute Results letter from LexisNexis Consumer Center which stated that "as of the date of this letter LexisNexis has removed the disputed information from your file". (EXHIBIT K)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

On December 21, 2022, the Plaintiff sent her third Dispute letter to Equifax requesting details regarding the method of verification and completeness and accuracy of the bankruptcy

325670489v.1

record in her consumer credit file. This dispute letter included supporting documentation from their Third-Party public information vendor (LexisNexis) which states that they could not verify the public record data that they previously furnished to Equifax. Because it demonstrates a pattern of non-compliance, in the case of CFPB v. Equifax Inc. and Equifax Information Services LLC a CONSENT ORDER 2025-CFPB-0002 the CFPB dated January 17, 2025, the CFPB found that "the defendant does not send any associated documents that may have been submitted by consumers to the third party vendors in support of their disputes. Equifax has repeatedly failed to review and consider relevant documents submitted by consumers due to its inappropriately restrictive policies for internal consideration of such proof of documents and other processing failures". The consent order further states that "As a result of its restrictive criteria for acceptable proof documents, Equifax sometimes excludes credible documents from consideration in a dispute". In the plaintiff's case, the supporting documentation had all of the requirements that Equifax policy would require, according to the CFPB, such as the Vendor/Furnisher's letterhead, and the full LexisNexis Consumer account number yet Equifax willfully and knowingly decided not to consider the plaintiff's supporting documentation. (EXHIBIT L)

**ANSWER:**

The Court has dismissed all claims regarding this dispute with prejudice, and thus no response is required.  To the extent a response is required, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶18:**

On January 10, 2023, the Plaintiff received the results of reinvestigation from the Defendant (EXHIBIT M) which stated that "A discharged chapter 7 bankruptcy remains on the credit file for 10 years from the date filed. The following fields have been modified". The Plaintiff noticed that Equifax disregarded the supporting documentation that the plaintiff provided them to assist with their reinvestigation process, instead the defendant listed the reinvestigation results the exact same as the previous reinvestigation results, and that there were no modifications made to that public record item as they stated. In the case of CFPB v. Equifax Inc. and Equifax Information Services LLC a CONSENT ORDER 2025-CFPB-0002 the CFPB found that in numerous instances, Equifax failed to conduct reasonable reinvestigations, including failing to review and consider all relevant information submitted by the consumer, such as by failing to upload and review images of documents submitted with Disputes by consumers. The failure to review the images caused significant delay in Dispute reinvestigation.

**ANSWER:**

The Court has dismissed all claims regarding this dispute with prejudice, and thus no response is required.  To the extent a response is required, Equifax denies the allegations in this paragraph.

7

**COMPLAINT ¶19:**

On July 4, 2023, the plaintiff sent Public Access to Court Electronic Records ("PACER") an email asking if they furnish or sell consumer data to LexisNexis or any other Credit Reporting Agency or Data Furnishers, to which their Enterprise Operation Center responded on July 5, 2023, stating that PACER does not contact consumer reporting and credit reporting agencies. PACER simply provides access to federal court records. (EXHIBIT N)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

On January 6, 2025, the plaintiff requested a copy of her Credit file from Equifax which still lists the Bankruptcy record. (EXHIBIT O)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

On January 6, 2025, the plaintiff requested a copy of her consumer file from LexisNexis which does not list the public record.(EXHIBIT P)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Plaintiff requested a copy of her Equifax consumer credit file dated November 3, 2025 and noticed that the Public Record Bankruptcy information is still being listed. (EXHIBIT Q)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325670489v.1

**COMPLAINT ¶23:**

On November 8, 2025, the plaintiff mailed the final dispute letter to the defendant regarding this unverified public record item that continues to be reported on her credit file. The dispute letter requested the deletion of the unverified item and that if this information was not resolved that the plaintiff would have no other option but to file a complaint against them for damages incurred due to violations of her rights, and FCRA regulated laws.(EXHIBIT R)

**ANSWER:**

Equifax admits that on November 20, 2025, it received correspondence from Plaintiff regarding a bankruptcy public record reporting on her credit file. The remaining allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶24:**

On November 16, 2025, the plaintiff received the results of the reinvestigation which stated that "we have verified that this public record item is reporting correctly". (EXHIBIT S)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

The defendant. has willfully infringed on. the plaintiff's right to privacy when they obtained bankruptcy record information without a permissible purpose.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶26:**

The defendant knowingly and willfully reported derogatory, inaccurate, and unverifiable information relating to the plaintiff and plaintiff's credit history to possible employers, insurance companies, and others from at least May of 2022 through the present.

9

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶27:**

The inaccurate and unverifiable information. negatively reflects upon the plaintiff, plaintiff's credit. repayment history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶28:**

Defendant has been reporting the unverifiable information through the issuance of false credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least May of 2022 through the present.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶29:**

Plaintiff has applied for and has been denied various loans, extensions of consumer credit and has been subjected to higher interest rates on multiple occasions. Plaintiff has been informed that the basis and/or substantial factor for those denials and higher interest rates was the unverifiable information that appears in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶30:**

Plaintiff's credit file has been obtained from the defendant by such third parties from at least May of 2022 through the present.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

10

**COMPLAINT ¶31:**

As a result of Defendant's conduct, Plaintiff has. suffered actual damages in the form of credit denials, loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the defendants herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

At all times pertinent hereto, the conduct of the defendant as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**CLAIMS FOR RELIEF**

**COUNT ONE- VIOLATIONS OF THE FCRA**
**Plaintiff v. EQUIFAX INFORMATION SERVICE LLC**

**COMPLAINT ¶34:**

Plaintiff incorporates the foregoing paragraphs as though the same were set. forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

11

325670489v.1

**COMPLAINT ¶35:**

At all times pertinent hereto, Equifax was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b), (f), and (p).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶36:**

At all times pertinent hereto, the Plaintiff was a "consumer" as that is defined by 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶37:**

At all times pertinent hereto, the above-mentioned credit files were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the plaintiff for willfully negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

**ANSWER:**

Equifax denies the allegations in this paragraph.

325670489v.1

**COMPLAINT ¶39:**

Under FCRA §611(a)(1), "If the completeness or accuracy of any item of information contained. in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file..." 15 U.S.C. §1681i(a)(1). These investigations must be completed within 30 days of receipt of the Dispute, unless extended for 15 days due to receipt of additional relevant information from the consumer while the Dispute is pending.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶40:**

The conduct of Equifax failing to initiate reinvestigations entirely, failing to conduct its own reasonable reinvestigation, continuing to furnish to the plaintiff's consumer credit file, unverified and inaccurate public information after their vendor admitted it as being unverifiable is and was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the plaintiff that are outlined more fully above and, as a result of the defendant's actions violating section 611(a)(1) of the FCRA, 15 U.S.C. §1681i(a)(1), and is liable to the plaintiff for the full amount of statutory and punitive damages, along with the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶41:**

Under FCRA §611(a)(2), after receipt of a dispute, the consumer reporting agency shall provide notification of the dispute to any person who provided any item of information in dispute... The notice shall include all relevant information regarding the dispute that the agency has. received from the consumer or reseller." 15 U.S.C. §1681i(a)(2). Equifax failed to transmit all relevant information to Furnishers.

13

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶42:**

Under FCRA §611(a)(4), "In conducting a reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer..." 15 U.S.C. §1681i(a)(4) Equifax failed to review and forward consumer-submitted proof documents, which proves that the defendant failed to meet its obligation to review and consider all relevant information submitted by the consumer in violation of FCRA §611(a)(4). 15 U.S.C. §1681i(a)(4).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶43:**

Under FCRA §604. 15 U.S.C. §1681b, any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) to a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer, or intends to use the information for employment purposes, in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant, intends to use the information as a potential investor or servicer, or current insurer, in connection with a valuation of or an assessment of the credit or prepayment risks associated with an existing credit obligation, has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer, or to review an account to determine whether the consumer continues to meet the terms of the account.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

14

325670489v.1

**COMPLAINT ¶44:**

As described above in paragraph 43, Equifax never had a permissible purpose for obtaining any public information regarding bankruptcy in connection with the plaintiff from the year it first appeared associated to the plaintiff's consumer credit file to the present date, nor did the defendant have any permissible purpose to furnish such public record information to any third party who has received the plaintiff's consumer credit file from the year it first appeared associated to the plaintiff's consumer credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶45:**

Under FCRA §607(b), in preparing consumer reports, Equifax is required to maintain "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b). Equifax failed to maintain reasonable procedures relating to dispute handling to assure maximum possible accuracy of consumer information in its consumer reports by failing to (ii) maintain meaningful oversight over its public record vendor. Therefore, Equifax has violated section 607(b) of the FCRA 15 U.S.C. §1681i(a)(2).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph. Equifax further denies the remaining allegations in this paragraph.

**COUNT TWO**

**(Willful Noncompliance Violations of 15 U.S.C. §1681n)**

**COMPLAINT ¶46:**

Plaintiff incorporates the foregoing paragraphs as though the same were. set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

15

**COMPLAINT ¶47:**

Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

A.    From May 2022 to present day December 2025 the defendant has infringed on the plaintiff's privacy by knowingly obtaining and furnishing unverified information to her consumer report without a permissible purpose, written, request, or otherwise as required by 15 U.S.C. §1681b;

B.    From May 2022 to present day December 2025 has failed to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

C.    From May 2022 to present day December 2025 has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶48:**

As a result of defendant's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including lost opportunities to receive credit, damage to reputation, invasion of privacy, worry, fear, frustration, distress, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶49:**

Plaintiff is entitled to punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1681n(2).

**ANSWER:**

Equifax denies the allegations in this paragraph.

16

325670489v.1

## COUNT THREE

### (Negligent Violations of 15 U.S.C. §1681o)

**COMPLAINT ¶50:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶51:**

Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

A. From between May 2022 to present day December 2025 the defendant has infringed on the plaintiff's privacy by knowingly obtaining and furnishing unverified information to her consumer report without a permissible purpose, written, requested, or otherwise as required by 15 U.S.C. §1681b;

B. From between May 2022 to present day December 2025 the defendant has failed to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

C. From between May 2022 to present day December 2025 the defendant has failed to perform duties and responsibilities as a furnisher of information which is a matter of public record, and is likely to have an adverse effect upon a consumer as required by 15 U.S.C. §1681k;

d.) From between May 2022 to present day December 2025 the defendant has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

As a result of defendant's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including lost opportunities to receive credit, damages to her reputation, invasion of her privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in the amount to be determined by the jury.

325670489v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Plaintiff is entitled to punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1681o(a).

**ANSWER:**

Equifax denies the allegations in this paragraph.

## JURY TRIAL DEMAND

**COMPLAINT ¶54:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the defendant, based on the following requested relief:

1.) On Plaintiff's first Claim for Relief:

    a.) Actual damages in an amount to be determined by the jury;

    b.) Statutory damages in an amount to be determined by the jury;

    c.) Punitive damages in an amount to be determined by the jury;

    d.) Costs and reasonable fees pursuant to 15 U.S.C. §1681n and 1681o; and

    e.) Such further relief that may be necessary, just and proper.

    f.) That the conduct of defendants complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under the FCRA.

18

325670489v.1

g.) That the disputed public information be deleted and removed from the plaintiff's consumer credit file immediately.

h.) Appropriate remuneration for Plaintiff's losses, as well as such other relief as this court may deem appropriate.

2.) On Plaintiff's second Claim for Relief:

a.) Actual damages in an amount to be determined by the jury;

b.) Statutory damages in an amount to be determined by the jury;

c.) Punitive damages in an amount to be determined by. the jury;

d.) Costs and reasonable fees pursuant to 15 U.S.C. §1681n and 16810; and

e.) Such further relief that may be necessary, just and proper.

f.) That the conduct of defendants complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under the FCRA.

g.) That the disputed public information be deleted. and removed from the plaintiff's consumer credit file immediately.

h.) Appropriate remuneration for Plaintiff's losses, as well as such other relief as this court may deem appropriate.

3.) On Plaintiff's third Claim for Relief:

a.) Actual damages in an amount to be determined by the jury;

b.) Statutory damages in an amount to be determined by the jury;

c.) Punitive damages in an amount to be determined by the jury;

d.) Costs and reasonable fees pursuant to 15 U.S.C. §1681n and 1681o; and

e.) Such further relief that may be necessary, just and proper.

f.) That the conduct of defendants complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under the FCRA.

g.) That the disputed public information be deleted and removed from the plaintiff's consumer credit file immediately.

h.) Appropriate remuneration for Plaintiff's losses, as well as such other relief as this court may deem appropriate.

325670489v.1

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Arkansas, and the conduct giving rise to Plaintiff's claim occurred outside of Arkansas and was not targeted at Arkansas.

**SECOND DEFENSE**

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

**THIRD DEFENSE**

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

20

325670489v.1

Dated: June 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Heather H. Sharp*

Heather H. Sharp, GA Bar No. 671545
hsharp@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

*Counsel for Defendant*
*Equifax Information Services LLC*

325670489v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

> Brittney Thomas, *plaintiff pro se*
> 12601 Faulkner Crossing Drive
> North Little Rock, Arkansas  72117
> Telephone:  (501) 646-8467
> Email:  brittneydthom@icloud.com

  */s/ Heather H. Sharp*

Heather H. Sharp
*Counsel for Defendant*
*Equifax Information Services LLC*

325670489v.1